

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

September 24, 2024

<u>VIA ECF</u>

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>Flores v. The National Football League, No. 23-1185</u>

Dear Ms. Wolfe:

We represent Appellee Brian Flores in the above-referenced appeal and write in response to Appellants' letter filed earlier today, stating that NFL Commissioner Roger Goodell appointed Peter C. Harvey, Esq. to serve as arbitrator over the matters before the district court that were compelled to arbitration. Presumably, Appellants brought this to the Court's attention in an attempt to falsely create an appearance of impartiality in the arbitration proceedings. For that reason, we believe it is necessary to clarify the record.

Under the NFL's Dispute Resolution Procedural Guidelines ("DRPG") §1.5, the first step in the arbitration process is for the Commissioner to determine whether the dispute is "football-oriented" (which dictates that the arbitration will be administered by the NFL) or "not football-oriented" (which dictates that the arbitration will be referred to a third-party arbitral provider, JAMS). Mr. Goodell retained jurisdiction to arbitrate this gateway dispute and did so without making any disclosures regarding any conflicts of interest or potential or actual bias or partiality. Given Mr. Goodell's obvious interest and bias in the matter, this alone was improper. <u>Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.</u>, 492 F.3d 132, 137 (2d Cir. 2007) ("An arbitrator who knows of a material relationship with a party and fails to disclose it meets [the] 'evident partiality' standard: A reasonable person would have to conclude that an arbitrator who failed to disclose under such circumstances was partial to one side.").

Mr. Goodell's bias was immediately reflected in his decision. The DRPG clearly states that a dispute is "not football-oriented" if it is "a dispute relating to or arising out of discrimination, wage and hour or family and medical leave issues." A dispute is only "football oriented" if it arises out of the "[NFL] Constitution and Bylaws [] or any NFL or Club policies, rules or regulations." The matter at issue is clearly an employment discrimination dispute, and none of the causes of action are based on any breach of the NFL Constitution and Bylaws or any NFL or



Club policies, rules or regulations.  The conclusion that this dispute is "not football oriented" and therefore subject to arbitration in JAMS, should have been a *fait accompli*.  Nonetheless, Mr. Goodell self-servingly determined that the dispute was "football oriented" and kept the administration of the dispute in-house at the NFL.

As Appellants note, Mr. Goodell appointed Mr. Harvey to serve as arbitrator.  Though not noted by Appellants, Mr. Goodell also appointed Bill Polian to serve with Mr. Harvey as a "consulting expert to assist Mr. Harvey."  Though a full week has passed since these appointments, neither Mr. Harvey nor Mr. Polian has provided any disclosures regarding any matters that would impact their partiality as arbitrators as is required by every major reputable arbitration provider and are required by applicable laws.  See e.g. JAMS Employment Arbitration Rules & Procedures §15(h), et seq. (requiring arbitrator disclosures that could impact impartiality);[1] AAA Employment Arbitration Rules §15 (same);[2]  Fla. Stat. Ann. § 682.041 (same); Tenn. Code Ann. § 29-5-313 (same); Ariz. Rev. Stat. Ann. § 12-3012 (same); see also e.g. Applied Indus., 492 F.3d at 137 (as cited above).  In fact, such disclosures are typically required before an arbitrator even accepts such an appointment. See e.g. Fla. Stat. Ann. § 682.041("*Before accepting appointment*, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the person's impartiality as an arbitrator in the arbitration proceeding [listing examples]) (emphasis added).

Even absent any disclosures, public information reflects that Mr. Harvey has an ongoing professional relationship with the NFL, including being a member of the Diversity Advisory Committee created in response to the filing of the Flores lawsuit in a purported effort to address the racial inequities set forth in this action.  Mr. Polian is a lifelong NFL executive, having worked in management for at least four different teams over more than 40 years.  Together, Mr. Harvey and Mr. Polian's relationships and connections to the NFL and its member teams, and its lawyers, is sure to be extensive.  Given that Mr. Harvey and Mr. Polian have failed to provide the typical and necessary disclosures *sua sponte*, we have requested that information from them directly using nearly identical disclosure questions to those used by AAA and JAMS.

---

[1]        Available at: https://www.jamsadr.com/rules-employment-arbitration/english?_gl=1*v9w4t6*_up*MQ..&gclid=Cj0KCQjwo8S3BhDeARIsAFRmkOOZ6ua4n-eq3y6te8qCfiZL0pVIsuJW2NBBIZpn3LCOoT54l5-Sxc0aAqcJEALw_wcB#Rule-15

[2]        Available at: https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf



Catherine O'Hagan Wolfe
September 24, 2024
Page 3

We respectfully request that this correspondence be circulated to the panel together with the correspondence from Appellants earlier today.

Respectfully submitted,

Douglas H. Wigdor

cc:     All counsel (via ECF)